My name is Matt Campbell from the Federal Defenders of Eastern Washington and Idaho, and I represent Julius and Titus Lewis. I'm going to try to reserve three minutes. The question presented here is whether a district judge is prohibited from considering post-sentencing conduct in Section 3582 proceedings, and the answer is no. Here, however, the district judge did err in refusing to consider such evidence, and we believe a remand is necessary for a new resentencing proceeding under 3582. Section 3582 has three requirements. The first is that the sentence is based on a guideline range, which is subsequently lowered by the Sentencing Commission. Clearly here, the crack cocaine guideline has been lowered, so the only question is whether the sentence in this case was based on a guideline range. There was some discussion of that issue in the briefs, and the answer is clearly yes. Titus received a 151-month sentence, which was a guideline sentence. Julius received, initially I'm speaking, a 188-month sentence, which was a guideline sentence. And it's no coincidence that what I'll call the floor, those bottom numbers, were close to the guidelines. They received guideline sentences. And this was not an 11C1C plea. The plea agreement specifically stated that the district judge had full discretion to sentence anywhere within the statutory range, and I'd cite to the excerpts of records as 16 and 36. The case cited by the government, U.S. v. Bride, was a C1C plea. So clearly the sentence was based on the guideline range. The next question then would be, what do the 3553A factors offer in this case? Those include the history and characteristics of the defendant, the need for deterrence, protect the public, and the need for training and education. And we submit that clearly post-sentencing conduct is relevant for all of those factors. Here we've submitted evidence to the district court, which we included in the excerpts of records demonstrating various post-sentencing efforts that the Lewis brothers have made, including education, health. Mr. Campbell, I appreciate the fact that your clients, as noted by the district judge, have been exemplary while in prison. But when you look at the sentencing guidelines 1B1.10B1, reading the last part, it says, in determining whether and to what extent a reduction in the defendant's term of imprisonment under basically 3582C2, and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines listed in subsection C had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection C for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected. The way I read that is the court needs to decide whether in applying these new guidelines with respect to crack cocaine, the sentence should be lowered, but all the other considerations, 3553A, factors and the like, are to be considered as if it was in the original hearing. Do you disagree with that? Yes, I do. And why is that? Well, I think the primary issue would be if we look to 1B1.10 in the commentary, specifically factor, I believe it's 1B is factors for consideration, and then Roman numeral, small Roman numeral 3, post-sentencing conduct. And it states that the court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining whether a reduction in the defendant's term of imprisonment is warranted. But that's with respect to the crack cocaine. In other words, it's something that the court can consider in the sense of whether any reduction ought to occur at all. But the reality is, at least as I'm seeing it, unless you can convince me to the contrary, is that what the Congress intended to do here was to, in effect, go back in time, permit the court to go back in time and say, okay, if the crack cocaine guidelines had been at the time of the original sentencing what they are now, what would the court have done? I think that's what the district court did here. He said that the Lewis brothers almost killed, I forget the gentleman's name, a federal agent, and had he not jumped out the window, they would have killed him. And he remembered it very, very distinctly. He felt that had the guidelines been at the time of the original sentencing what they are now, he would have imposed the sentence that he did. I'm having difficulty understanding under these guideline regulations why he made any error. Again, I believe that the error is that at numerous times during the proceeding the judge did state, as Your Honor just stated, that this is not a full resentencing hearing. And we're not contesting that it is in the sense of the additional briefing that the court had asked for. We understand that. But what we are contesting is that under 1B1.10, the commentary, it clearly states that the court is allowed to consider post-sentencing condom. It may. But it doesn't have to, does it? We're not contesting it. I believe that, let me rephrase, that the court is certainly allowed to consider it. And I believe that Judge Quackenbush in this case said that he wasn't allowed to consider it. That's my clear reading of the record. He does say some things along that line. But then at the end of the sentencing hearing, he references the 3553A factors and mentions post-sentencing conduct. He mentions it. Here's what he says. I believe the appropriate sentence, considering all of those factors I'm required to look at under 3553A, is a sentence that being, and then he goes on, being a human being, I cannot ignore what these two gentlemen have accomplished in the last three years. So how do we know that he didn't take the laudable efforts they've made in prison into consideration and that he didn't consider the 3553A factors? I think that under these circumstances, we simply have to look to the statements that he made both at the beginning of the hearing and I'd cite to ER 180 and at the end, which simply state, I can't do that. I am prohibited from, all I am here to do is decide what I would have done in 2006. Obviously in 2006, these events had not occurred. The only clear reading I can come up with is that he believed he was essentially supposed to time travel, and I say that not in a joking way, but he's limited to the facts that were there with the one change being the guideline range. Right, well, I would, you know, if you take the statements to which you cite by themselves, I would agree with you, but then he does reference 3553A and, you know, that may save him in this case. I mean, I doubt if on remand he's going to, if we were to agree with you, you'd do anything different. Your Honor, I honestly can't say, and I wasn't even the attorney who handled this initially, so I don't know, but I do believe that it's a clear error of law to say that you cannot consider these things, and I believe that's the clear reading. We don't have about two minutes. Do you want to reserve? Yeah. Okay. Away from the government. Mr. Smoot. Thank you, Your Honor. May it please the Court, Russ Smoot for the United States. I guess the best way to sum up this case, Your Honors, is that it's uniquely factual in terms of how this sentencing, plea agreements and sentencing ultimately came about. And when we come before the Court on review of cases like this, we're often in a position of saying, is this case more like United States v. Jones, is it more like Smith, and where does it fall within those facts? In this case, the United States has noted in its brief and would continue to note that this case is very much like this Court's decision in United States v. Bride in which the Court said that the terms of the plea agreement, even though the parties will contemplate the guidelines and there may be some nexus to it, the actual terms of the plea agreement control. Wasn't the plea agreement fashioned in such a way that the judge could do anything he really wanted to do? That is true in that it was not a C1C plea that bound the Court. It simply was an agreement that bound the parties to certain recommendations that the parties believed were arguably reasonable in terms of the factor analysis and outside of the guideline range. Now, I say that it's like Bride, but it's a little bit different too because in the terms of the plea agreement, the parties were bound to recommend, the defendants were bound to recommend 180 months and 150 months respectively. The United States, there was one caveat that brings into this question as to whether or not it was in any way in that the United States reserved the opportunity to recommend the low end of the guideline range if the guideline range came out higher than what the parties believed was a reasonable jointly recommended sentence. Since the judge had the opportunity by both accounts to make whatever decision he thought appropriate under the 3553A guidelines based on the original plea agreement, I guess I'm not as concerned about what you're talking about as I am the government's position about how the retroactivity of the crack cocaine guidelines works. My understanding from reading the regulation and the statute is that as your opposing counsel talked about, it's like a time machine. In effect, you go back to what you had at the time of the original hearing and you insert the new crack cocaine guidelines. And what would the judge's decision have been at that point? Apparently, he is allowed to take into account something that didn't exist at the time, which is post-sentencing conduct. So, for example, if the Lewis brothers instead of being model prisoners had been riotous and had stabbed a few people, that probably would have influenced the judge's thinking. But in this case, he said, okay, here we've got these new guidelines. I'm telling you that this sticks in my mind. I remember this case. These guys, I admit they were model prisoners, but they almost killed a federal agent here. And if he hadn't jumped out the window, they probably would have killed him. I really remember it. I would do exactly what I did before. What's wrong with that? I don't believe there's anything wrong with that. The court certainly exercised its discretion to consider whatever it wanted to consider. As Judge Thomas noted, the court did ultimately say that it considered the factor analysis. And part of that factor analysis is also the seriousness of the offense and the protection of society and other interests, which are typically the government interests when it comes to a sentencing hearing. The problem is, though, that he did make a lot of straight comments indicating he was confined, which is, at least in my view, contrary to law. So why not send it back and let him clarify? Well, I think, Your Honor, what we do is we're often before the court on review, and then obviously we have the record before us. And to a certain extent, we're stuck with the words as articulated on the record. But there's another – but in this case – Is that your way of conceding the problem? No, Your Honor, because I think there's another way to look at it as well. That while there are some statements, I would concede that there are some questionable comments made by the court, we can also look at what the court actually did. And as Your Honor pointed out, the court not only made some comments concerning how it felt that it was restrained, it couched its approach in terms of retroactivity, which I believe is the first step of this analysis. But it also – the court also said that, as the court pointed out, that I did consider the factors. And in terms of action, that the court ultimately exercised its discretion to reduce Titus Lewis's sentence even further. While it was only a couple of extra months further, the court did show that it – it did show that it realized that the judge could exercise its discretion. So I think that when we come before the court, we don't just have the words on the record that we can try to figure out what those words mean. We also have the actions of the court to compare with those words. And in this case, the actions seem to support that while the court termed its – its sentencing or modification hearing in terms of retroactivity, it did in fact consider what had occurred and it did consider the factors. Isn't this somewhat analogous to how we treat the 3553A factors? There was a lot of litigation within almost all the courts of appeal where district judges didn't use the, you know, the magic words and refer to 3553A and which factor it was and all that sort of thing. And ultimately, the courts of appeal and the Supreme Court said, no, you don't have to do that. It has to be clear that the court understands that you're applying the 3553A factors. It's helpful. Sometimes if somebody just refers to the section, that's all they need to do. Isn't that really what we've got here? I believe so, Your Honor. I hesitated to – I want to use the term magic words as the court has, but quite frankly, that's where we are. In a lot of these cases, we were in this situation years ago when the issue was whether or not courts felt they had discretion to make guideline departures, and then the court in turn decided that not every particular request had to be spelled out. The court simply had to recognize that it had discretion. And then when we came through Booker and into the factor analysis, the court ultimately decided that there wasn't necessarily a magic liturgy that the courts needed to say, but they simply had to recognize their discretion. And I think there is support in the record that the court may not have used the best words and may have, in hindsight, may choose words differently in the future, but quite frankly, it appears that the court did, in fact, recognize that it could consider those factors. Any further questions? Thank you for your argument. We'll hear rebuttal. Thank you, Your Honor. Counsel mentioned that this case was uniquely factual, and I would agree. It is uniquely factual. But I think that makes it all the more important to remand it. I think there was an error of law here. I think Judge Thomas was speaking about the issue of it seems like the judge said the wrong things, and I believe it should be sent back to the district court to determine. What possible good would be achieved by that, Counsel? You might get your clients a whole lot more of a sentence. Moreover, if the judge said something that was perhaps not exact during the colloquy here, at the end of the day, he said, I don't know any rational trier of fact, be it a judge or a jury, who wouldn't reach that same conclusion referring to that they were dealing in large quantities of drugs and so on and so on. After seeing what was going on in that house, listening to the tape of what was being said, concluding with, kill that bitch, the gun was there and the ammo was there, all right, anything, and so my role is a constrained one. I have to make a judgment as to what sentence I would have imposed had the guidelines been as calculated now for Julius of 151 to 188 months. That's the calculation, and for Titus of 121 to 151 months. The sentences I imposed are still within the guideline range, even using today's guidelines. I mean, what do you achieve by sending it back to the district judge other than risking a larger sentence for your clients? He's not going to change his mind. Respectfully, I honestly don't know what Judge Quackenbush will do or would do, but I believe, and speaking to what you were speaking with other counsel about, the 3553A factors, I do think this is a different situation than the prior cases saying you didn't have to tick them off because here we have affirmative evidence that the court was saying it wasn't going to consider them. Now, did the court It didn't say it wasn't going to consider them. It said it wasn't sure how much it could, but it also did consider at the time he gave the sentence, but he also specifically remembered your clients. That was a real problem. Oh, absolutely, and I'm not here to relitigate the facts of the initial offense, but based on the number of times that he said his role was constrained, that he could only decide what he would have done in 2006, that excludes their post-sentencing conduct. But he talked about their post-sentencing conduct. He talked about it. He specifically referred to it, and then it was model conduct. He talked about it, but then he proceeded to say, but that's not why I'm here. I have a constrained role. He finished by saying, looking at the facts, I would do exactly what I did before, and here's what I'm going to do. While caveating that in the terms that, and I point to page 202, while caveating that in the terms of he has a limited role and is supposed to decide what he would have done in 2002, I would simply say that in this case, what will Judge Quackenbush do? I don't know. But I would point out that it's not a difficult hearing to have. It was had before via video. Nobody has to be transported. It would be very easy to remand, have a determination under the correct standards of law, and that's what we would ask the court to do. Thank you, counsel. Thank you both for your arguments this morning. The case has been submitted for decision.
judges: Collins, Thomas, Smith M.